UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN ROBINSON, III,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.
_____/

Case No. 2:21-cv-10947
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DEEM MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12) and DEFENDANT'S MOTION TO DISMISS (ECF No. 14)

**I.   RECOMMENDATION:** In light of Plaintiff's October 8, 2021 amended complaint (ECF No. 16), the Court should **DEEM MOOT** Plaintiff's previously filed August 19, 2021 motion for summary judgment (ECF No. 12) and Defendant's September 9, 2021 motion to dismiss (ECF No. 14).

**II.   REPORT:**

   **A.   Background**

Robinson filed the instant matter *in pro per* on April 19, 2021 against the United States of America by way of a 5-page complaint, attached to which are multiple exhibits. Plaintiff claims he "is not financially able to pay restitution[,]"

(ECF No. 1, PageID.2 ¶ 5), presumably an order of restitution in *United States of America v. Robinson*, Case No. 5:01-cr-90024-MOB (E.D. Mich.).

### B.     Pending Dispositive Motions

Judge Berg referred this case to me for all pretrial proceedings.  (ECF No. 13.)  Currently pending before the Court are Plaintiff's August 19, 2021 motion for summary judgment (ECF No. 12), and Defendant's September 9, 2021 motion to dismiss (ECF No. 14), regarding which Plaintiff's response was due on October 18, 2021 (ECF No. 15).

On October 8, 2021, Plaintiff filed a combined amended complaint and prayer for relief (ECF No. 16, PageID.77-86), response to the motion to dismiss (*id.*, PageID.87-91),[1] and exhibits (*id.*, PageID.92-113).  Thereafter, on October 21, 2021, Defendant filed another motion to dismiss, which explained:  "[b]ecause Robinson filed an amended complaint in response to the pending motion to dismiss, as is his right under Fed. R. Civ. P. 15(a)(1)(B), Defendant files a new motion to dismiss the amended complaint."  (ECF No. 17, PageID.122.)[2]

---

[1] In the future, Plaintiff should not combine filings; if he does so, then he runs the risk of:  (1) the Court striking the combined filing; and/or, (2) having one thing he is trying to convey to the Court get lost in another.

[2] Contrary to Defendant's suggestion, Plaintiff's *pro se* amended complaint was not actually timely under Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within:  . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or

2

Plaintiff's response to the motion to dismiss the amended complaint is due on December 2, 2021. (ECF No. 18.)

### C.    Discussion

"Normally, an amended complaint supersedes the original complaint." *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 (2009) (referencing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556–557 (2d ed.1990)). *See also* E.D. Mich. LR 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."). Accordingly, Plaintiff's October 8, 2021 amended complaint, prayer for relief and exhibits (ECF No. 16, PageID.77-86, 92-113) supersede the original complaint (ECF No. 1). Thus, there is no need for the Court to address Plaintiff's August 19, 2021 motion for summary judgment (ECF No. 12) or Defendant's September 9, 2021 motion to dismiss (ECF No. 14), each of which relates to a now superseded, original pleading.

### D.    Conclusion

---

21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."), as the amended pleading was filed 29 days after the motion to dismiss. Nonetheless, the Court concludes that Defendant waives any objection as to timeliness and accepts the amended complaint as the new operative pleading.

In light of Plaintiff's October 8, 2021 amended complaint (ECF No. 16, PageID.77-86, 92-113), the Court should **DEEM MOOT** Plaintiff's previously filed August 19, 2021 motion for summary judgment (ECF No. 12) and Defendant's September 9, 2021 motion to dismiss (ECF No. 14), each of which relates to the original complaint. If the court agrees with this recommendation, Plaintiff's case will still proceed on the now operative amended complaint (ECF No. 17) and the related motion to dismiss (ECF No. 17), as to which briefing is not yet closed. Plaintiff likewise is free to file a new motion for summary judgment on the new operative pleading as he deems fit, although he is reminded that he may only do so once without leave of the Court. E.D. Mich. L.R. 7.1(b)(2). His previous motion, which I recommend deeming moot, will not count against him with respect to this limitation.

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 5, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2021.

                                          s/Marlena Williams
                                          In the absence of Michael Williams
                                          Case Manager